UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | |
| v.  ) | No. 2:19 CR 111 |
| ) | |
| PRINCE JAMES MCNEIL  ) | |

**OPINION and ORDER**

This matter is before the court on defendant's motion for a reduction in sentence pursuant to Amendment 821 of the United States Sentencing Guidelines. (DE # 34.) For the reasons set forth below, the motion is granted.

After defendant pleaded guilty to being a felon in possession of a weapon as charged in Count 1 of the indictment (DE # 18), the court sentenced defendant to 70 months imprisonment and a term of supervised released of 2 years. (DE # 29.) This term of imprisonment was at the low end of the applicable sentencing guidelines range of 70 to 87 months. (PSR ¶ 62.) At the time of his original sentencing, defendant's criminal history category was III. (*Id.*)

On November 1, 2023, Amendment 821 to the federal sentencing guidelines took effect. Amendment 821 altered § 4A1.1 of the guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. It also created a new § 4C1.1 guideline that provides a decrease of two offense levels for offenders who did not receive any criminal history points under Chapter Four of the guidelines and whose instant offense did not involve specified aggravating factors. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

Both parties and the United States Probation Department agree that Amendment 821 functions to reduce defendant's criminal history category to II, and the court concurs. (DE # 37 at 4; DE # 35 at 2.) All of the aforementioned parties also agree that, under Amendment 821, defendant's advisory guidelines range is 63 to 78 months. (*Id.*) Nonetheless, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted" in light of Amendment 821. *Id.* app. note 1(B)(i).

The Government argues that the court should take notice that defendant committed a disciplinary infraction while incarcerated. (DE # 37 at 3.) Specifically, defendant was sanctioned for assault with serious injury. (DE # 37-1 at 1.) The Government urges the court to infer a threat to public safety which should weigh against reducing defendant's sentence any lower than the original 70-month sentence. (DE # 37 at 10.) Even though a 70-month sentence would be in the middle of the amended guidelines range, the Government argues that a 70-month sentence is still within the amended range and remains the appropriate sentence. (*Id.*)

Defendant argues that he was originally sentenced to the low end of the then-applicable guidelines range, and that he should receive a sentence at the low end of the amended guidelines range in light of Amendment 821. (DE # 38 at 2.) Defendant argues that he has been sufficiently disciplined by the BOP for the disciplinary infraction with the loss of 41 days of good time credit. (*See* DE # 37-1.)

The court has considered the amended guidelines range of 63 to 78 months as a "starting point and . . . initial benchmark." *Peugh v. United States,* 569 U.S. 530 (2013).

The court further notes that defendant pleaded guilty to a serious offense – possessing a firearm as a felon – for which a period of incarceration is no doubt appropriate, especially since in this case defendant admitted to previously shooting at someone with the firearm in question. This fact is reflected in the 4-level increase defendant received pursuant to Section 2K2.1(b)(6)(B). However, it will also be considered that no persons were ultimately harmed. Defendant's criminal history involves carrying a handgun without a license (misdemeanor) and carrying a handgun without a license (felony). (DE # 37 at 2.) This criminal background is worth consideration, but does not weigh strongly in favor of moving from the low-end of the original guidelines range to the middle of the amended guidelines range. As for defendant's single disciplinary infraction while incarcerated, the incident demonstrates that defendant is still capable of breaking the law. However, it is also noteworthy that defendant has been disciplined by the BOP and that the infraction represents defendant's only misconduct in almost five years of incarceration. The court has also considered the fact that defendant has engaged in positive conduct while incarcerated, such as completing courses on AIDS awareness, cooking machine operation, and food handling. (DE # 35 at 2.)

After balancing all of these factors, the court finds that an amended sentence of 63-months imprisonment (at the low end of the amended advisory guidelines) is fitting in this case. A term of 63 months also serves the purposes of deterring future wrongs and providing justice for prior wrongs. Importantly, though, a term of 63 months is not greater than necessary to account for all of the foregoing factors and considerations.

For all of these reasons, defendant's motion for a reduction in sentence pursuant to Amendment 821 is **GRANTED**. (DE # 34.) Defendant's sentence is reduced to a period of 63 months, or time served (whichever is greater), with all other terms and conditions of the original sentence remaining intact.

This order is effective immediately; however, if this order reduces the defendant's sentence to time served, **RELEASE OF THE DEFENDANT IS STAYED** but only for the time period necessary for the Bureau of Prisons to accomplish the following tasks required by law, which period **MAY NOT EXCEED** ten (10) days from the date this order is entered on the docket: (1) to permit adequate time to collect DNA samples from the defendant (42 U.S.C. § 14135a); (2) to notify victims and witnesses (18 U.S.C. § 3771); (3) where applicable, to notify law enforcement officials of release of a violent offender and notify sex offender registration officials of release of a sex offender (18 U.S.C. § 4042 (b) & (c)); and (4) where applicable, to review defendant for possible civil commitment as a sexually dangerous person (18 U.S.C. § 4248).

                                    **SO ORDERED.**

Date: June 4, 2024

                                    s/James T. Moody
                                    JUDGE JAMES T. MOODY
                                    UNITED STATES DISTRICT COURT